IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.                                                                24-CR-6084-FPG

SHAWNLE McCLARY,

Defendant.

---



### PLEA AGREEMENT

The defendant, SHAWNLE McCLARY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a two-count Information which charges:

   a. In Count 1, a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and distribute, 5 kilograms or more of cocaine and 400 grams or more of fentanyl), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $10,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life; and

   b. In Count 2, a violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of firearms in furtherance of a drug trafficking crime), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of

imprisonment of life, said sentence to be served consecutively to any other sentence imposed in this, or any other matter, whether in this jurisdiction or any other, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 5 years.

    c.    The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

    2.    The government agrees that an information pursuant to Title 21, United States Code, Section 851 will not be filed with respect to Count 1 of the Information.

    3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 10 years, without credit for time previously served on supervised release.

## II.    ELEMENTS AND FACTUAL BASIS

    4.    The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1 - 21 U.S.C. § 846

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute, and to distribute, a controlled substance;

Second, that the defendant knew of the existence of the agreement;

Third, that the defendant intended to participate in the unlawful agreement; and

Fourth, that at least 5 kilograms of a mixture and substance containing cocaine, or at least 400 grams or more of a mixture and substance containing fentanyl, was reasonably foreseeable to the defendant as being within the scope of the agreement.

### Count 2 – 18 U.S.C. § 924(c)(1)(A)(i)

First, that the defendant knowingly possessed firearms; and

Second, that the defendant possessed the firearms in furtherance of a drug trafficking crime for which the defendant could be prosecuted in a court of the United States.

### FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

   a. Between in or about 2021, and on or about January 17, 2024, in Monroe County, in the Western District of New York, the defendant, **SHAWNLE McCLARY**, did knowingly and intentionally combine, conspire, and agree with Timothy Jackson, Jr. a/k/a T a/k/a T-Rock, Gary Fuller a/k/a G, Felicia Collins a/k/a Keisha and others, known and unknown, to possess with intent to distribute, and distribute, 5 kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance, and 400 grams or more of a mixture and substance containing fentanyl, a Schedule II controlled substance. The defendant admits the purpose of the conspiracy was to sell cocaine and fentanyl for profit.

   b. In furtherance of the conspiracy, the defendant regularly packaged cocaine for sale, and transported quantities of cocaine and fentanyl from a stash location at 86/88 Forester Street in Rochester to stash and/or sale locations utilized by Jackson and Fuller on Angle Street in Rochester.

   c. On or about January 17, 2024, at 186 Mobile Drive in the Town of Greece, County of Monroe, Western District of New York, the defendant, **SHAWNLE McCLARY**, did knowingly possess five (5) firearms – namely, one (1) 9mm Luger (9x19mm) caliber, Privately Made Firearm (PMF) Polymer 80 PF940SC semi-automatic pistol, bearing no serial number; one (1) 9mm Luger (9x19mm) caliber, Sig Sauer P365 SAS semi-automatic pistol with a defaced serial number; one (1) 12 gauge, Tokarev TBP 12, pistol-gripped semi-automatic

3

shotgun with a defaced serial number; one (1) 7.62x39mm caliber, Romarm-Cugir Draco, semi-automatic pistol, bearing serial number ROA 22 DG-4646; and one (1) 45 Auto caliber, Randall Firearms Service Model semi-automatic pistol, bearing serial number RF029343C – in furtherance of a drug trafficking crime for which he could be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 846, to wit, conspiracy to possess with intent to distribute, and distribute, 5 kilograms or more of cocaine and 400 grams or more of fentanyl, as alleged in Count 1 of the Information.

d. On January 17, 2024, law enforcement executed search warrants at:

  i. 186 Mobile Drive in the Town of Greece, New York, which was the defendant's residence;

  ii. 181 Rossiter Road in the City of Rochester, New York, which was the defendant's girlfriend's residence that the defendant used as a stash location; and

  iii. 86/88 Forester Street in the City of Rochester, a two-family residence which the defendant owned and permitted Jackson and Fuller to utilize as a location to store and process cocaine and fentanyl.

e. At the defendant's residence at 186 Mobile Drive, law enforcement encountered the defendant, an adult female, an adult male, and a young child. In the master bedroom, officers seized:

  i. one (1) 9mm Luger (9x19mm) caliber, Privately Made Firearm (PMF) Polymer 80 PF940SC semi-automatic pistol, bearing no serial number, loaded with 7 rounds of 9mm ammunition in the magazine, in the nightstand drawer;

  ii. one (1) 9mm Luger (9x19mm) caliber, Sig Sauer P365 SAS semi-automatic pistol with a defaced serial number, loaded with 7 rounds of 9mm ammunition in the magazine and 1 round in the chamber, in the nightstand drawer;

  iii. a set of keys on an end table which operated the door locks at 186 Mobile Drive and 19 Angle Street, and multiple vehicles the defendant utilized in furtherance of the narcotics conspiracy;

  iv. $2,000.00 in U.S. currency, in a cardboard box behind the nightstand;

4

      v.    one (1) black plastic bag containing paraphernalia for the processing and packaging of narcotics, to include new/unused small bags, sandwich bags, and a digital scale, on the ground in front of the nightstand; and

      vi.    one (1) plate with a razor blade and white residue, on the floor next to the plastic bag with the packaging material.

f.    In another bedroom at 186 Mobile Drive, in plain view, officers seized:

      i.    one (1) 12 gauge, Tokarev TBP 12, pistol-gripped semi-automatic shotgun with a defaced serial number, loaded with 5 rounds of 12 gauge ammunition in the magazine; and

      ii.    one (1) 7.62x39mm caliber, Romarm-Cugir Draco, semi-automatic pistol bearing serial number ROA 22 DG-4646, loaded with 6 rounds of 7.62 ammunition in the magazine.

g.    In the basement under the cushion of a chair at 186 Mobile Drive, officers seized:

      i.    one (1) 45 Auto caliber, Randall Firearms Service Model semi-automatic pistol bearing serial number RF029343C, loaded with 6 rounds of .45 caliber ammunition in the magazine and 1 round in the chamber.

h.    At 181 Rossiter Road, law enforcement encountered an adult female and two small young children. In the basement, officers seized:

      i.    one (1) Tops grocery bag with 12 knotted plastic bags that contained a total of approximately 691 grams of cocaine;

      ii.    three (3) empty kilogram wrappers with markings; and

      iii.    one (1) Tops grocery bag containing paraphernalia for the processing and packaging of narcotics for distribution, including a digital scale, sifter, sandwich bags, and a box of baking soda with two spoons inside.

i.    At 86 Forester Street (the residence of co-conspirator Gary Fuller), officers encountered Fuller and a female. Officers seized, among other things:

      i.    approximately 66 grams of fentanyl and 114 grams of cocaine (some of which was packaged for sale in over 800 bags);

      ii.    paraphernalia for the processing and packaging of narcotics for distribution, including new/unused packaging material, a scale, razor blade, and mixing bowl with residue;

      iii.   approximately $5,682 in U.S. currency;

      iv.   one (1) 5.56x45mm caliber, Privately Made Firearm (PMF), semi-automatic rifle, bearing no serial number, loaded with ammunition in a 30-round magazine; and

      v.    one (1) 12 gauge, Radikal P3 slide action shotgun, bearing serial number 21-P02135, loaded with ammunition.

j.    At 88 Forester Street, law enforcement encountered Amarilis Diaz. Officers seized:

      i.    approximately 144 grams of fentanyl, 114 grams of cocaine, and 109 grams of cocaine base (some of which was packaged for sale in approximately 300 colored capsules); and

      ii.   paraphernalia for the processing and packaging of narcotics for distribution, including new/unused packaging material, digital scales, beakers, razor blades, and cutting agent.

k.    For purposes of this plea agreement only, the parties agree that, based on the Drug Conversion Tables of the Sentencing Guidelines, the amounts of cocaine, cocaine base, and fentanyl involved in the defendant's relevant conduct encompassed in Count 1 of the Information which could be readily proven by the government against the defendant are the equivalent of at least 1,000 kilograms but less than 3,000 kilograms of Converted Drug Weight.

### III.   SENTENCING GUIDELINES

6.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.    Regarding Count 1, the government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(5) apply to the offense of conviction and provide for a base offense level of 30.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristic does apply to Count 1:

   a. the two-level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining a premises to manufacture or distribute a controlled substance).

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the defendant's adjusted offense level is 32 for Count 1.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 29 for Count 1.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

12. It is the understanding of the government and the defendant that, with a total offense level of **29** and criminal history category of **II**, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of **120 to 121 months**, a fine of **$30,000 to $10,000,000**, and a period of supervised release of **5 years**.

13. The government and the defendant agree that Guidelines § 2K2.4(b) applies to the offense of conviction in Count 2 and provides that the Guidelines sentence is the minimum term of imprisonment required by statute. The applicable statute, Title 18, United States Code, Section 924(c)(1)(A)(i), requires a term of imprisonment of not less than 5 years to be imposed consecutively to any other sentence of imprisonment, a fine of up to $250,000, and a term of supervised release of 2 to 5 years.

14. Based on the above, it is the understanding of the government and the defendant that the aggregate sentencing range for the defendant is a term of **imprisonment of 180 to 181 months (60 months on Count 2 to run consecutive to 120 to 121 months on Count 1), a fine of $30,000 to $10,000,000, and a term of supervised release of 5 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement for both counts of conviction.

15. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a sentence of imprisonment between **180 and 181 months** as part of

8

the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the pleas of guilty. This agreement does not affect the amount of a fine, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

16.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

17.     The defendant understands that, except as set forth in ¶15, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

18.     In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

19. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. REMOVAL

20. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

21. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charges and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

22.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 24-MJ-4013.

23.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

### VII.   APPEAL RIGHTS

24.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a sentence of imprisonment of **180 to 181 months**, a fine of **$30,000 to $10,000,000**, and a period of supervised release of **5 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

25.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

26. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a sentence of imprisonment of **180 to 181 months**, a fine of **$30,000 to $10,000,000**, and a period of supervised release of **5 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

### Firearms and Ammunition

27. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms, ammunition, and magazines described below and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes the following seized by law enforcement on January 17, 2024:

   a. One (1) 45 Auto caliber, Randall Firearms Service Model semi-automatic pistol, bearing serial number RF029343C;

   b. One (1) 9mm Luger (9x19mm) caliber, Sig Sauer P365 SAS semi-automatic pistol with a defaced serial number;

   c. One (1) 9mm Luger (9x19mm) caliber, Privately Made Firearm (PMF) Polymer 80 PF940SC semi-automatic pistol, bearing no serial number;

   d. One (1) 12 gauge, Tokarev TBP 12, pistol-gripped semi-automatic shotgun with a defaced serial number;

   e. One (1) 7.62x39mm caliber, Romarm-Cugir Draco, semi-automatic pistol, bearing serial number ROA 22 DG-4646;

   f. Fifteen (15) rounds of 9mm ammunition;

g.  Ten (10) rounds of 12-gauge ammunition;

h.  Nineteen (19) rounds of 7.62 caliber ammunition;

i.  Eleven (11) rounds of .45 caliber ammunition; and

j.  Assorted ammunition.

28. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third-party files a claim or petition to the property listed above, the defendant will assist the government in litigating such claim.

29. After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives his right to any required

notice concerning the forfeiture of any of the property forfeited hereunder, including notice set forth in an indictment, information or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty pleas are accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

30. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, whether constitutional or statutory, including but not limited to, any defenses based on principles of double jeopardy, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. The defendant further agrees to the destruction of the above referenced property.

31. The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

### Administrative Forfeiture: Currency

32. The defendant acknowledges that the Bureau of Alcohol, Tobacco, Firearms and Explosives has completed administrative forfeiture with regard to the asset listed below. The defendant agrees not to contest the completed administrative forfeiture of the below asset and agrees to waive his right, title and interest to any and all of the assets that were administratively forfeited. The assets include:

**Currency:**

    a. The sum of approximately $2,000.00 United States currency seized by law enforcement on or about January 17, 2024, during the execution of a search warrant at 186 Mobile Drive, Greece, New York. The defendant further agrees that this amount is properly forfeitable pursuant to Title 21, United States Code, Section 853, as the $2,000.00 was proceeds of the defendant's illegal activities.

33. The defendant agrees to unconditionally release and hold harmless the government and the Bureau of Alcohol, Tobacco, Firearms and Explosives, its officers, employees, and agents, from any and all claims, demands, damages, causes of action or suits, of whatever kind that might now exist or hereafter exist relating to the seizure, restraint, and/or forfeiture of the seized currency.

34. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the currency survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

35. The defendant agrees that if for any reason, in any pleadings before the Court or any order of the Court, including but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones, computers and electronic equipment seized by law enforcement in this case.

### IX.   TOTAL AGREEMENT AND AFFIRMATIONS

36. This plea agreement represents the total agreement between the defendant, SHAWNLE McCLARY, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY:  _____
ROBERT A. MARANGOLA
Assistant United States Attorney

Dated: November 20, 2024

I have read this agreement, which consists of pages 1 through 17. I have had a full opportunity to discuss this agreement with my attorney, GREGORY J. COLAVECCHIA, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
SHAWNLE McCLARY
Defendant

Dated: November 20, 2024

_____
GREGORY J. COLAVECCHIA, ESQ.
Attorney for the Defendant

Dated: November 20, 2024